**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:25-cv-22773-DAMIAN/D'ANGELO**

OLEG SEMENOV, et al.,

*Plaintiffs,*

*v.*

ALEX GENIN,

*Defendant.*

______________________________/

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, OLEG SEMENOV ("Semenov"), pursuant to the parties' Joint Notice of Settlement [ECF 76] filed March 19, 2026, and the March 19, 2026, email correspondences between the parties attached hereto, hereby moves to enforce the settlement agreement between the parties, and in support thereof, states as follows:

## I. FACTS SUPPORTING ENFORCEMENT

On March 19, 2026, at 3:59 PM, after *weeks* of negotiations, Defendant's counsel accepted Plaintiff's counsel's offer of settlement in writing via e-mail, explicitly stating: **"My client accepts the offer of settlement."**[1] To be sure, Plaintiff's written offer of settlement clearly and unambiguously set forth the essential and material terms of the settlement agreement between the parties and was not contingent upon a formal, written settlement agreement being executed or any other terms.[2] Consistent with the parties' settlement agreement, Defendant's counsel consented to and added his signature to the parties' Joint Notice of Settlement, which was filed with this Court

[1] *See* **Exhibit "A,"** attached hereto.
[2] *Id.*

on March 19, 2026, at ECF No. 76 by agreement. At 11:56 PM on March 19, 2026, Defendant Alex Genin's counsel suddenly attempted to revoke and "withdraw" the parties' settlement agreement, claiming his client's receipt of a 57.105 Safe Harbor Letter and Motion served on different attorneys, in a completely unrelated matter (appeal 3D2024-2329 currently pending in the Third District Court of Appeal) somehow justified cause to terminate the parties' settlement.[3] This Motion follows after several attempts to confer proved unfruitful.

## II. MEMORANDUM OF LAW

This Court possesses the inherent authority to summarily enforce a settlement agreement. *Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991). As always, settlements are highly favored as a means of conserving judicial resources and will be enforced whenever possible. *Murchison v. Grand Cypress Hotel Corp*., 13 F.3d 1483, 1486 (11th Cir. 1994). The party seeking to enforce a settlement agreement bears the burden of showing that the opposing party assented to the terms of the agreement. *Carroll v. Carroll*, 532 So.2d 1109, 1109 (Fla. 4th DCA 1988).

Because this is a diversity action, this Court must look to Florida law in determining whether an enforceable settlement agreement was reached in the first instance. *B.P. Prods. N. Am. v. Oakridge at Winegard, Inc*., 469 F.Supp.2d 1128, 1132-33 (M.D.Fla.2007). Settlements, as agreements, are governed by the principles of Florida contract law. *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir.1987). Under Florida law, courts apply an objective test in deciding whether an enforceable contract exists. *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985) (noting that it matters not whether there was "the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but

[3] *See* **Exhibit "B,"** attached hereto.

on their having said the same thing."). "The creation of a contract requires that there be mutual assent to a certain and definite proposition." *ABC Liquors, Inc. v. Centimark Corp*., 967 So.2d 1053, 1056 (Fla. 5th DCA 2007).

If an intent to settle the essential terms can be established, "it does not matter that the agreement is not fully executed." *In re Air Safety Int'l, L.C*., 326 B.R. at 888. In Florida, settlements may exist and be enforced without being signed by the parties. *In re Rolsafe Int'l, LLC*, 477 B.R. at 903; *see also Reed ex rel Reed v. United States*, 717 F. Supp. 1511, 1517 (S.D. Fla. 1988) ("All that is required is that the terms be clear, definite and capable of proof . . . [T]he physical act of signing a document is a mere formality where the parties clearly intend to be bound."). Indeed, Florida law is clear that a settlement agreement may be reached through a series of e-mail exchanges. *See Warrior Creek Development, Inc. v. Cummings,* 56 So.3d 915 (Fla. 2d DCA 2011). Federal courts within the Eleventh Circuit have likewise held that a binding settlement agreement can be reached via e-mail. *See, e.g., Miles v. Northwestern Mutual Life Ins. Co*., 677 F.Supp.2d 1312 (M.D. Fla.2009); *Terra-ADI Int'l Dadeland, LLC v. Zurich American Ins. Co*., 2007 WL 2460744 (S.D. Fla. Aug. 24, 2007); *Jarvis v. City Electric Supply Co*., 2012 WL 933057 (M.D. Fla. Mar. 5, 2012).

While parties can expressly require that the terms of their agreement be formally memorialized and executed by the parties before becoming enforceable, there is no legal requirement that such agreements be reduced to writing. *In re Rolsafe Int'l, LLC*, 477 B.R. at 902-03; *Miles*, 677 F.Supp.2d at 1316 (holding that even though the settlement email contemplated a formal agreement fleshing out the essential terms contained within the email, there was no evidence that the parties did not intend to be bound by the terms recited in the email until and unless the more formal agreement was executed); and *Vital Pharmaceuticals, Inc. v. S.A.N.*

*Nutrition Corp*., 2007 WL 1655421, *7 (S.D. Fla. June 6, 2007) (noting that "no objective evidence in the record provides any indication whatsoever that the parties did not intend to be bound until the agreement was written down and fully executed").

The physical act of signing a memorialized document is considered to be "a mere formality" when the parties have clearly shown an intent to be bound. *Reed*, 717 F. Supp. at 1517 (citing *Int'l Telemeter Corp. v. Teleprompter Corp*., 592 F.2d 49 (2d Cir. 1979)). Concomitantly, settlements may exist and be enforced even though they are not signed by the parties or even reduced to writing at all. *See Vital Pharmaceuticals*, 2007 WL 1655421, at *6 ("Execution of the settlement agreement is not a condition precedent to a settlement agreement, but rather is merely a procedural formality."); *Bonagura v. Home Depot*, 991 So.2d 902 (Fla. 1st DCA 2008) (holding that the parties reached a valid, binding oral settlement agreement without contingencies); *Boyko v. Ilardi*, 613 So.2d 103 (Fla. 3d DCA 1993) (finding that the parties entered into a binding oral settlement agreement which was expressly agreed to by both parties).

## III. ARGUMENT

This Court should conclude that Defendant's counsel's March 19, 2026, e-mail acceptance constitutes a complete, binding, enforceable settlement agreement. A review of the e-mail exchanges makes clear that the parties "said the same thing" regarding all of the essential elements of the agreement. *Robbie*, 469 So. 2d at 1385. In the same vein, there is no dispute that Defendant's counsel had clear and unequivocal authority to enter into the settlement agreement. The exchange of emails between the parties serves as evidence of an expressed offer to settle, an acceptance of that offer, and that all essential terms were agreed upon.[4] Further confirming the parties' mutual assent is Defendant's counsel's authorization to add his signature to a Joint Notice of Settlement

[4] *See* **Exhibit "A,"** attached hereto.

and agreement that it be filed with the Court as an expression and confirmation of his client's acceptance of the offer of settlement.[5] Unequivocally, the series of emails indicate that all of the essential terms of the settlement had been agreed upon and that Defendant's counsel represented a communication of acceptance. Thus, the Defendant's subsequent attempted revocation was ineffective. Contrary to Defendant's counsel's subsequent assertion via e-mail, the absence of a formalized, written settlement agreement executed by both Plaintiff and Defendant is not a barrier to the Court's ability to find that a settlement was actually reached. *See Patrick v. Christian Radio*, 745 So.2d 578, 580 (Fla. 5th DCA 1999) (holding that settlement was effective even though certain executory documents had not yet been executed).[6]

The facts here are analogous to *Warrior Creek Development, Inc. v. Cummings*, 56 So. 3d 915 (Fla. 2d DCA 2011). In *Cummings*, the attorneys involved negotiated a settlement over e-mail. Their emails set forth the "essential and material terms" of the agreement between the parties. The attorneys subsequently drafted a written settlement agreement, which one party refused to sign, stating "the deal is off." The Second District Court of Appeal affirmed the trial court's order enforcing the settlement, finding that the "parties had agreed upon all of the essential and material terms for settlement and that those terms were reflected in the November e-mail." The Second District Court of Appeal went on to find that the subsequent failure to sign the settlement agreement was not an effective revocation. In this case, Defendant's counsel unequivocally wrote: "**My client accepts the offer of settlement. Please draft something for his**

---

[5] ECF 76.

[6] Similarly, the fact that Defendant has yet to transfer the agreed-upon sum is not an issue because "there is no requirement that settlement monies actually be transferred in order to find a particular settlement agreement is binding and enforceable." *State Farm Mut. Auto. Ins. Co. v. InterAmerican Car Rental, Inc*., 781 So.2d 500, 502 (Fla. 3d DCA 2001); *see also Patrick v. Christian Radio*, 745 So.2d at 581 (acknowledging that the actual transfer of settlement monies is not a prerequisite to the court's finding of a binding, enforceable settlement).

**review and execution."** Consistent with this affirmation, Defendant Alex Genin's counsel added his signature to a Joint Notice of Settlement that was subsequently filed with the Court by agreement. To be sure, Plaintiff's March 19, 2026, offer of settlement at 3:04 PM was not contingent upon a written settlement agreement or any other terms. In other words, the settlement agreement was simply a formality and the parties mutually agreed to sufficiently specific essential terms. *See Don L. Tullis & Assocs., Inc. v. Benge*, 473 So.2d 1384, 1386 (Fla. 1st DCA 1985) (explaining that "[t]o be enforced, the [settlement] agreement must be sufficiently specific and mutually agreeable on every essential element"). Consequently, Defendant's counsel's email "withdrawal" cannot be deemed to be an effective revocation, especially given that it was based on a knee-jerk reaction to service of documents in a completely different matter pending in state court that had nothing to do whatsoever with this case or this settlement.

*Miles v. Northwestern Mut. Life Ins. Co*., 677 F. Supp. 2d 1312, 1315-1317 (M.D. Fla. 2009) is also on point. In *Miles* the Middle District held that a written settlement agreement is a mere formality where the parties act with the intent to follow the settlement, and the written agreement is essentially what was already agreed upon. Despite Defendant's counsel's insistence in his "withdrawal" email that the settlement was "contingent upon a settlement agreement," there is no evidence to indicate that the parties did not intend to be bound until the agreement was formally documented and fully executed. The fact that Defendant did not physically sign a settlement agreement is immaterial; there is no legal requirement that the agreement be memorialized in a formal document in order for it to be enforceable. *In re Rolsafe Int'l, LLC*, 477 B.R. at 902-03. Nor has the Florida Supreme Court required that the parties to a settlement account for every contingency in order for an enforceable settlement to exist. *See Robbie v. City of Miami*, 469 So.2d at 1385. Moreover, to the extent that Defendant argues the settlement was contingent upon the

drafting of a release, that argument is unavailing as well. *See Sands v. Wagner & Hunt, P.A.*, 2009 WL 2730469, *4, n. 7 (S.D. Fla. Aug. 28, 2009) (the "suggestion that settlement was contingent upon the drafting of a release is unavailing; the release would have merely memorialized the essential terms to which the parties had previously agreed"); *Allapattah Servs., Inc. v. Exxon Corp.*, 2007 U.S. Dist. LEXIS 71379, at *18 910*910 (S.D. Fla. Sept. 26, 2007) (finding a release to be a non-essential term of the settlement agreement, as it "merely reflects the binding and conclusive effect of the agreement in the claims process"). Based on the e-mail exchanges, this Court should find that an acceptance was clearly expressed by Defendant's counsel, which created a binding and enforceable settlement agreement between the parties.

## IV. <u>CONCLUSION</u>

In sum, Defendant's counsel's March 19, 2026, e-mail stating: "My client accepts the offer of settlement" constitutes and confirms Defendant's unequivocal assent to Plaintiff's offer. *See Sands v. Wagner & Hunt, P.A.*, 2009 WL 2730469, at *3 (noting that the statement "[defendants] accept your offer" in an email sufficiently established unequivocal assent). The remainder of Defendant's counsel's March 19, 2026, acceptance email, including his reference to "Please draft something for his [client's] review and execution" is merely directed toward *the manner* in which the settlement would be implemented, and does not transform the execution of a formal settlement agreement into an essential term. *See id*. at *4; *see also Romacorp, Inc. v. Prescient, Inc.*, 2011 WL 1430277, *5 (S.D. Fla. Apr. 14, 2011) (rejecting the argument that an email request from one party to the other to "[p]lease have the appropriate documents prepared and delivered to me for review" negated the party's unconditional acceptance of the offer). The fact that a formal release was never actually drafted or sent to Defendant's counsel does not preclude the finding of settlement either. *See Patrick v. Christian Radio*, 745 So.2d at 580 (holding that settlement had

been reached even though release had not yet been signed); *Calderon v. J.B. Nurseries, Inc.*, 933 So.2d 553, 555 (Fla. 1st DCA 2006) (holding that one party's refusal to sign a release does not allow that party to escape the binding effect of the settlement agreement); *Dania Jai-Alai Palace, Inc. v. Sykes*, 495 So.2d 859 (Fla. 4th DCA 1986) (holding that enforceable settlement existed notwithstanding disagreement over form of release and absence of signed release).

**WHEREFORE,** Plaintiff, OLEG SEMENOV, requests that this Court grant Plaintiff's Motion to Enforce Settlement Agreement and Memorandum of Law in Support Thereof, deny the remaining pending motions in this case as moot, and dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), retaining jurisdiction to enforce the terms of the parties' settlement agreement, and direct the clerk to enter judgment accordingly, terminate all previously scheduled deadlines and pending motions, and close the case.

**Certificate of Conferral**

In accordance with Local Rule 7.1(a)(2), undersigned counsel hereby certifies that he conferred via email with counsel for Defendant, Angelo A. Gasparri, Esq., several times on Friday, March 20, 2026, in a good faith effort to resolve the issues raised in this Motion. Undersigned counsel even provided a copy of this Motion to counsel for Defendant prior to filing for discussion. Undersigned counsel also attempted a conference call on March 20, 2026, but could not reach Defendant's counsel and left a message. As of the filing of this Motion, the issues remain unresolved. However, undersigned counsel will continue to confer with Defendant's counsel in an effort to resolve the matters set forth herein prior to this matter being set for hearing before the Court.

Respectfully submitted,

**WOLFF LAW, P.A.**
*Attorneys for Plaintiff Oleg Semenov*

801 N. Federal Highway, Suite 212
Hallandale Beach, Florida 33009
Telephone: (941) 284-5686
Email: davidewolfflaw@gmail.com
servicedavidewolfflaw@gmail.com
By:/s/ David E. Wolff
**David E. Wolff, Esq.**
Florida Bar No.: 105653

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy to: Angelo Gasparri, agasparri@kelleykronenberg.com, counsel for Defendant.

By:/s/ David E. Wolff
**David E. Wolff, Esq.**